

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,194

**EX PARTE JAMES BRYAN HANSON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16317B IN THE 104TH DISTRICT COURT
### FROM TAYLOR COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to twenty years' imprisonment. Applicant's appeal was dismissed for want of jurisdiction. *Hanson v. State*, No. 11-08-00179-CR (Tex. App.–Eastland, delivered July 17, 2008).

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. The record supports Applicant's claim.

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 16317B from the 104th Judicial District Court of Taylor County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: August 19, 2009
Do Not Publish